I HEREBY CERTIFY THAT THIS
DOCUMENT WAS SERVED BY FIRST
CLASS MAIL, POSTAGE PREPAID, TO
(SEE BELOW) AT THEIR RESPECTIVE
MOST RECENT ADDRESS OF RECORD IN
THIS ACTION ON THIS DATE

TO:    DATE:    DEPUTY CLERK:
Plaintiff on 02-27-2015 by TS

FILED
CLERK, U.S. DISTRICT COURT

February 27, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: TS DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| TIJUANA LENOIR,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. ED CV 12-1120-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Tijuana Lenoir appeals from the final decision of the Administrative Law Judge ("ALJ") denying her applications for Disability Insurance and Supplement Security Income benefits. The Court finds that the ALJ's decision was supported by substantial evidence. Therefore, the ALJ's decision is affirmed and this matter is dismissed with prejudice.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed her benefits applications on July 24, 2008, alleging disability beginning October 31, 2007. Administrative Record ("AR") 29. On March 10, 2010, the ALJ issued an unfavorable decision. AR 29-36.

///

On July 6, 2012, Plaintiff filed this action for judicial review. Dkt. 1. On February 7, 2014, the Court dismissed the action without prejudice due to Plaintiff's failure to prosecute after Plaintiff repeatedly failed to file her memorandum in support her complaint. See Dkt. 37.

On March 13, 2014, Plaintiff filed a series of documents, including a motion to revoke the judgment and a document entitled "Reply to Defendant's Answer and Memorandum of Points and Authorities." Dkt. 39, 40 ("Memorandum"). On March 21, 2014, the Court granted Plaintiff's motion to revoke the judgment and vacated its judgment of dismissal. Dkt. 45. The Court also deemed Plaintiff's "Reply" to be Plaintiff's Memorandum in Support of Plaintiff's Complaint. Id. at 2.

The Court then ordered Defendant to file a Memorandum in Support of Defendant's Answer within thirty days, which Defendant filed on April 19, 2014. Dkt. 47 ("Answer"). On October 23, 2014, Plaintiff filed a reply to Defendant's answer. Dkt. 60 ("Reply").

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ's final decision was supported by substantial evidence and free of reversible error. See Memorandum at 2-6; Answer at 2-7.[1]

///
///

---

[1] The Memorandum does not identify any particular error in the ALJ's unfavorable decision. Plaintiff argues generally that her impairments have worsened since the date of the ALJ's decision; that the ALJ did not properly evaluate the medical evidence; that the consultative and State Agency physicians were biased; and that the VE's testimony that Plaintiff could perform other work at step five was erroneous. See Memorandum at 4-8.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.
## DISCUSSION

**A.    The Record Contains Substantial Evidence to Support the ALJ's Decision**

The ALJ conducted the five-step disability analysis, as set forth in 20 C.F.R. §§ 404.1520(a) and 416.920(a), as follows:

At step one, the ALJ found that Plaintiff had not performed substantial gainful activity since October 31, 2007, the alleged onset date of her disability. AR 31.

At step two, the ALJ found that Plaintiff had the severe impairments of osteoarthritis of the knee, chronic obstructive pulmonary disease, schizophrenia, and affective mood disorder. Id.

At step three, the ALJ determined that Plaintiff's impairments did not meet or equal a listed impairment in 20 C.F.R., Part 404, Subpt. P., App.1. AR 31. The ALJ also determined at step three that Plaintiff retained the residual functional capacity ("RFC") to perform a range of sedentary to light work[2] with the following limitations:

> Specifically, she can lift and/or carry 15 pounds occasionally and less than 10 pounds frequently; stand and/or walk 3 hours in an 8-hour workday; and occasionally stoop or bend. She cannot work in exposure to extremes of temperature or dust, fumes, or strong chemical odors. Her interactions with members of the public, co-workers, and supervisors must be non-intense.

AR 32.

At step four, the ALJ determined that Plaintiff could not perform her past relevant work as a clerical and assembly worker, office assistant, or office manager. AR 35.

At step five, the ALJ relied upon the testimony of a vocational expert ("VE") to find that Plaintiff could perform other work that existed in significant numbers in the regional and national economies, such as electronics worker, credit checker, and hand packer. AR 35-36. The ALJ therefore concluded that Plaintiff was not disabled. AR 36.

---

[2] "Sedentary work" involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. §§ 404.1567(a), 416.967(a). "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

As noted above, Plaintiff does not clearly identify any specific error in the ALJ's findings. Therefore, the Court will review the ALJ's findings to determine if they are supported by substantial evidence in the record and free from error.

The ALJ extensively reviewed the medical record and determined that the evidence did not support a finding of disability. AR 32-34. As noted by the ALJ, the medical records documented multiple emergency room visits in 2006 and 2007 for complaints of right knee pain. X-rays taken on March 26, 2008 showed degenerative joint disease in Plaintiff's right knee. AR 33 (citing AR 211). A subsequent x-ray of Plaintiff's right knee taken on April 2, 2009 showed advanced degenerative joint disease. AR 34 (citing AR 247). Plaintiff was apparently treated with pain medications and cortisone injections. AR 213. There is no indication in the record that Plaintiff received any more extensive treatment, such as surgery.

The ALJ also noted that Plaintiff was treated on October 6, 2009 for mental health issues and was diagnosed with schizoaffective disorder and methamphetamine abuse. AR 34 (citing AR 250). Plaintiff was discharged on the same day. Id. A record from a mental health clinic also indicated that Plaintiff was given an anti-psychotic drug on January 3, 2010 and sent home. AR 34 (citing AR 251).

The ALJ relied up the consultative examining physician's finding that Plaintiff was capable of performing light work with some limitations on standing and walking. AR 33 (citing AR 213-17). Dr. Gabriel Fabella examined Plaintiff on October 22, 2008. AR 213. The results of Dr. Fabella's examination of Plaintiff demonstrated the following: Plaintiff had some limited range of motion in her back; straight leg raising tests were negative; range of motion was limited in both knees; Plaintiff's gait was mildly antalgic, favoring the right leg; she was able to walk unassisted although she moved slowly; and

an x-ray of the right knee showed moderate osteoarthritis. AR 216-17. Dr. Fabella diagnosed Plaintiff with osteoarthritis of both knees, with the right worse than the left; probable osteoarthritis of the lumbar spine with decreased range of motion but no radiculopathy; and asthma. AR 217.

The ALJ also relied up the opinion of the consultative psychiatric physician, Dr. Reynaldo Abejuela. AR 33 (citing AR 219-25). Plaintiff complained of hearing voices, depression, and anxiety. AR 220. Her affect was mildly depressed and anxious. AR 221. Dr. Abejuela's examination of Plaintiff was generally unremarkable. AR223-25.  Dr. Abejuela diagnosed Plaintiff with depression and anxiety, and offered the "overall assessment" that her "occupational and social functioning impairment is none to mild." AR 224.

In addition, the ALJ relied on the opinions of the State Agency reviewing physicians, who essentially agreed with the opinions of Drs. Fabella and Abejuela that Plaintiff could perform light work with some limitations and did not have any severe psychiatric impairment. AR 34 (citing AR 226-30, 231-41, 242-43, 244-46). In fact, the ALJ gave Plaintiff the benefit of the doubt in limiting Plaintiff to light work with some additional postural restrictions. One of the State Agency reviewing physicians actually found Dr. Abejuela's limitation to standing and/or walking for only two to three hours per day too restrictive, noting that Plaintiff's examination revealed only a mild decreased range of motion in her knees and back. AR 230. Notably, there is no medical opinion in the record, including that of a treating physician, opining greater physical or mental limitations than those found by the ALJ.

In sum, the ALJ's findings are well-supported by the Plaintiff's medical record. The ALJ's decision was supported by substantial evidence.

///

///

///

**B.  Plaintiff Does Not Identify Any Basis for Reversing the ALJ's Unfavorable Decision**

In her Reply, Plaintiff makes various claims, none of which provide any basis to reverse the ALJ's decision.

First, Plaintiff argues that more recent medical tests indicate that her back and knee osteoarthritis has significantly worsened since the ALJ's decision. See Reply at 3-4. However, the relevant disability period is from October 31, 2007, the date Plaintiff alleges she first became disabled, to March 10, 2010, the date of the ALJ's decision. The fact that Plaintiff's condition may have worsened years after the ALJ's decision has little or no bearing on the validity of the ALJ's decision. See Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1224 (9th Cir. 2010) (concluding that ALJ did not err in disregarding a medical opinion rendered two years after disability period at issue had already ended).

Second, Plaintiff argues that the examining and reviewing physicians chosen by the Social Security Administration provided erroneous opinions and were biased against Plaintiff. See Memorandum at 4; Reply at 5. However, ALJ's and other quasi-judicial officials, and by extension here, the examining and reviewing physicians, "are presumed to be unbiased." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). This presumption may be "rebutted by a showing of conflict of interest or some other specific reason for disqualification." Id. at 858. Plaintiff does not provide any factual support or citation to the record in support of her bias claim with respect to the examining and reviewing physicians. As a result, her claims of bias are insufficient to warrant reversal of the ALJ's decision. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (stating that the court is not required to accept as true merely conclusory allegations).

///

Finally, Plaintiff claims that the VE's testimony that there was other work available in significant numbers that Plaintiff could perform was flawed because the VE did not take into account the fact that the national economy has been in an extended and unprecedented recession. Again, Plaintiff does not support her argument with any legal or factual citation. The ALJ was entitled to rely upon the VE's testimony in determining that there was other work available at step five of the sequential evaluation process. See <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1101 (9th Cir. 1999).

The ALJ's decision was supported by substantial evidence in the record, and Plaintiff has failed to identify any errors which require reversal of the ALJ's decision. Accordingly, Plaintiff is not entitled to relief.

## V.
## CONCLUSION

For the reasons stated above, the ALJ's decision is affirmed and the matter is dismissed with prejudice.

Dated: <u>February 27, 2015</u>

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge